E-FILED
Tuesday, 15 December, 2020 06:44:42 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

**HELENE TONIQUE WILLIAMS,**

**Plaintiff,**

**v.** **No. 19-cv-03211**

**BARACK OBAMA,**
**JB PRITZKER, JULIANNA STRATTON,**
**ILLINOIS ARMY NATIONAL GUARD,**
**LIEUTENANT CARMICHAEL, and**
**GUILLERMO CALDERON,**

**Defendants.**

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on a review of Plaintiff's Amended Complaint (d/e 9). Plaintiff's Application to Proceed in District Court Without Paying Fees or Costs (d/e 7) was granted by this Court. See d/e 8. However, her Complaint was dismissed for failure to state a claim, and she was given leave to refile an amended complaint. See d/e 8. Based on a review of the Amended Complaint, Plaintiff again failed to state any plausible federal claim against the Defendants in this case. Therefore, her Complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

A court must dismiss cases proceeding in forma pauperis “at any time” if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(e)(2)(B). The Complaint, which Ms. Williams completed on a preprinted form, invokes jurisdiction under 28 U.S.C. §1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

Plaintiff’s Amended Complaint raises the same issues that the Court previously dismissed in this case. See d/e 8; d/e 9. Plaintiff did not present any additional facts that would overturn the Court’s dismissal of those claims for the reasons stated in the Court’s Order. See d/e 8. However, Plaintiff also added allegations that Defendants President Obama and Calderon “seize[d] and incarcerate[d]” and “kidnapped” her. See d/e 9, p. 2. Plaintiff did not allege any facts that could lead to a legally cognizable claim

which relief may be granted. Therefore, the Court must dismiss Plaintiff's suit for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B)("[T]he court shall dismiss the case at any time if the court determines that . . . fails to state a claim on which relief may be granted. . . .").

Without a federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's defamation claim. 28 U.S.C. § 1367. Diversity jurisdiction does not exist over the state law claims because Plaintiff and Defendants are not diverse, as all of the parties appear to be citizens of Illinois. 28 U.S.C. § 1332.

The Court also notes that Plaintiff disregarded its previous Order dismissing Plaintiff's allegations, and she refiled all of the same claims in her Amended Complaint. Therefore, the Court is dismissing Plaintiff's federal claims with prejudice.

**IT IS THEREFORE ORDERED THAT:**

(1) This case is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

(2) Any pending motions are DENIED as MOOT, any pending deadlines are TERMINATED, and any scheduled settings are VACATED. This case is CLOSED.

**ENTERED: December 15, 2020**

**FOR THE COURT:**

s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**